MEMORANDUM**
Octagon hasn’t demonstrated that mandamus relief is warranted. See Bauman v. U.S. Dist. Court, 557 F.2d 650, 654-55 (9th Cir.1977). Even if the district' court erred in denying the motion to transfer, which we need not decide, the remaining Bauman factors weigh against mandamus relief. Octagon can challenge the district court’s interpretation of the forum-selection clause and denial of the motion to transfer after final judgment. See Wash. Pub. Utils. Grp. v. U.S. Dist. Court, 843 F.2d 319, 325 (9th Cir.1988). That option might be costly, but we’ve consistently held that litigation costs alone don’t justify *582 mandamus. Id. This case also doesn’t involve an “oft-repeated error” or raise “new and important problems.” Bauman, 557 F.2d at 655. It presents a routine and fact-intensive question of contract interpretation.
As the dissent suggests, the forum-selection clause may well “preclude[] proper venue in any federal court.” But we can hardly say the district court committed clear error by failing to dismiss on that basis when Octagon specifically abandoned a request for that relief below and instead opted to seek transfer. Nothing we say precludes Octagon from moving to dismiss for improper venue on remand, assuming Octagon hasn’t waived such an argument or delayed too long in making it.
DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.